IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                          Case No. 22-10035-JWB

GUILLERMO RAMIREZ,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on Defendant's request for his sentencing transcript and plea agreement. (Doc. 33.) The motion is DENIED WITHOUT PREJUDICE for the reasons stated herein.

Defendant was charged with three counts: (1) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B); (2) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A); and (3) possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1). (Doc. 1.) On September 29, 2022, Defendant pleaded guilty to Count Two of the indictment: possession of a firearm in furtherance of a drug trafficking crime. (Doc. 22 at 1.) Defendant now seeks to file a § 2255 petition, and he requests from this court a free copy of his sentencing transcript and plea agreement to assist him with drafting it. He is also proceeding pro se.

The court notes that it is required to liberally construe Defendant's pleadings because he proceeds pro se. *United States v. Pinson*, 585 F.3d 972, 975 (10th Cir. 2009). However, liberally construing a filing does not mean supplying additional factual allegations or constructing a legal theory on Defendant's behalf. *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997).

A defendant does not have a constitutional right to a free transcript. *Negron v. Adams*, 229 F.3d 1164 (10th Cir. 2000). However, under 28 U.S.C. § 753(f), the United States shall pay the transcript fees for a defendant who is permitted to proceed in forma pauperis ("IFP") in pursuit of a § 2255 petition so long as the trial judge certifies that (1) the suit is nonfrivolous, and (2) the transcript is necessary to decide an issue in the suit. *See* 28 U.S.C. § 753(f); *see United States v. Suarez*, No. 03-2008501JWL, 2007 WL 2323362, at *1 (D. Kan. Aug. 9, 2007). Additionally, although § 753(f) only references trial transcripts, the Tenth Circuit has applied the standard to requests for other free court filings. *See United States v. Lewis*, 37 F.3d 1510 (10th Cir. 1994); *see also Suarez*, 2007 WL 2323362, at *1 (concluding that the defendant needed to demonstrate a nonfrivolous claim in order to receive a free copy of his plea agreement).

Liberally construing Defendant's motion, he seeks to proceed IFP. However, he has failed to file a separate motion—or include in his present motion—an affidavit that states the nature of the action and his belief for why he is entitled to proceed IFP. *See* 28 U.S.C. § 1915(a)(1). And regardless of whether Defendant is authorized to proceed IFP, he failed to demonstrate why his § 2255 petition is nonfrivolous. In fact, his sole argument for requesting the sentencing transcript and plea agreement is that these are the last two documents he needs to file a § 2255 motion. Without the factual or legal arguments that form the basis of Defendant's § 2255 motion, the court cannot ascertain whether it would be frivolous or not.

Therefore, Defendant's request is DENIED without prejudice. Defendant can file a new motion in accordance with this order or contact the clerk's office for more information on how to obtain court filings.

IT IS SO ORDERED. Dated this 15th day of August, 2024.

3

                                                s/ John W. Broomes
                                                JOHN W. BROOMES
                                                UNITED STATES DISTRICT JUDGE